IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MONTGOMERY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 10-62 |
| | ) | Judge Lancaster |
| JOSEPH PELZER, in his official capacity | ) | Magistrate Judge Mitchell |
| as Warden of the Washington County | ) | |
| Correctional Facility, et al., | ) | |
|     Defendants. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion for judgment on the pleadings submitted on behalf of Defendants Joseph Pelzer and Washington County (Docket No. 7) be denied.

II.    Report

Plaintiff, Charles Montgomery, brings this action pursuant to 42 U.S.C. § 1983 against the following Defendants: Joseph Pelzer, in his official capacity as Warden of the Washington County Correctional Facility (WCCF); Washington County, Pennsylvania; and John and Jane Doe. He alleges that he was held in custody for eight days after he was acquitted of criminal charges filed against him, thereby subjecting him to false arrest and false imprisonment in violation of his rights under the Fourth and Fourteenth Amendments.

Presently before this Court for disposition is a motion for judgment on the pleadings, submitted on behalf of Defendants Pelzer and Washington County. For the reasons that follow, the motion should be denied.

Facts

On or about January 15, 2008, Plaintiff was acquitted of all criminal charges by a jury

after a three-day trial in the Court of Common Pleas of Washington County, Pennsylvania before the Honorable Janet Moschetta Bell. (Compl. ¶ 10; Pl.'s Resp. Defs.' Mot. J. Pleadings Ex. 1.[1]) He was in custody while awaiting his trial; specifically he had been lodged in the WCCF for months. (Compl. ¶ 11.) Upon his acquittal, Judge Bell ordered sheriff's deputies to transport him to the WCCF to be processed out of the jail and immediately released, but the employees of the jail refused to release him. (Compl. ¶¶ 12-13.)

Plaintiff indicates that, although he does not know why the jail refused to release him, he suspects that it may have been because of a bench/arrest warrant which had been issued by the Domestic Relations Section of the Washington County Court of Common Pleas on May 2, 2007. However, he states that a subsequent order of court issued on December 28, 2007 vacated the May 2, 2007 order and he alleges that Defendants, including Warden Pelzer, John Doe (an employee of the jail who was responsible for overseeing what inmates were housed in the jail and why) and Jane Doe (a female employee of the jail who was also responsible for overseeing what inmates were housed in the jail and why) were aware of the December 28, 2007 order of court. (Compl. ¶¶ 4-5, 14-16.)

Nevertheless, they refused to release him from custody and unlawfully detained him for the next eight days. (Compl. ¶ 17.) Plaintiff repeatedly informed them that the May 2, 2007 order had been vacated, but they refused to release him. He had his lawyer and a member of the Domestic Relations Office of Washington County contact the jail, but jail officials still refused to release him. (Compl. ¶¶ 18-23.)

---

[1]Docket No. 11.

Procedural History

Plaintiff filed this action on January 14, 2010. The complaint alleges that his eight-day incarceration after his acquittal subjected him to false arrest and false imprisonment and violated his rights under the Fourth and Fourteenth Amendments to the Constitution. On March 26, 2010, a motion for judgment on the pleadings was filed by Defendants Pelzer and Washington County.

Standard of Review

A motion for judgment on the pleadings is treated in the same manner as a motion to dismiss for failure to state a claim upon which relief may be granted. The court should "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the ... nonmoving party. Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001) (citing Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991)). In reviewing the motion, the Court may refer to any documents attached to the complaint and matters of public record. Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Supreme Court has recently stated that:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id.,

at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Section 1983 Claims

It is provided in 42 U.S.C. § 1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The Supreme Court has held that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

Fourth Amendment

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated ...." This provision has been made applicable to the states by the Fourteenth Amendment. Ker v. California, 374 U.S. 23, 30 (1963). "The Fourth Amendment prohibits arrests without probable cause." Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000) (citation omitted). Moreover, although a "false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment's protection against deprivations of liberty without due

process of law, Baker, 443 U.S. at 142, the claim is derivative of a Fourth Amendment violation for arrest without probable cause. Groman v. City of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Thus, Plaintiff properly invokes the Fourth and Fourteenth Amendments here.

Heck v. Humphrey Limitation

The moving Defendants argue that this action is barred by doctrine of Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). In Heck v. Humphrey, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted). The moving Defendants argue that, during his eight-day extension of his confinement, Plaintiff did not file a petition for habeas corpus and does not claim that the fact or duration of his sentence has been impugned or invalidated by any tribunal.

However, the Supreme Court has held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Board of Regents, 457 U.S. 496, 516 (1982). Moreover, as Plaintiff correctly notes, he is not trying to invalidate a conviction or sentence in this § 1983 action. Rather, he was not convicted or sentenced at all; he was acquitted of the charges pending against him on January 15, 2008. The moving Defendants have not cited any authority that would apply Heck to the situation presented by this case. In addition, Plaintiff is not challenging the confinement that occurred before January 15, 2008 (his pre-trial incarceration), but only the confinement that occurred thereafter once he was acquitted and the May 2, 2007 bench/arrest warrant had been vacated. Based upon

the pleadings, Plaintiff has stated a claim for false arrest and false imprisonment and the moving Defendants' motion provides no reason to dismiss the case.

For these reasons, it is recommended that the motion for judgment on the pleadings submitted on behalf of Defendants Joseph Pelzer and Washington County (Docket No. 7) be denied.

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: July 2, 2010